1  John S. Rossiter, Bar No. 151113
   JRossiter@perkinscoie.com
2  Joren Bass, Bar No. 208143
   JBass@perkinscoie.com
3  Jacqueline Young, Bar No. 280374
   JYoung@perkinscoie.com
4  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
5  San Francisco, CA  94111-4131
   Telephone:  415-344-7000
6  Facsimile:  415-344-7050

7  Attorneys for Defendant
   Global Allies, LLC
8

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

12 CONTINENTAL CASUALTY                Case No. 2:11-cv-03237-MCE-KJN
   COMPANY and VALLEY FORGE
13 INSURANCE COMPANY,                  **JOINT STIPULATION AND ORDER
                                       TO STAY CASE FOR AN
14                Plaintiffs,          ADDITIONAL EIGHT WEEKS**

15       v.

16 GLOBAL ALLIES, LLC,

17                Defendant.

18

19              **I.     STIPULATION**

20       WHEREAS, on March 25, 2010, a lawsuit was filed against Defendant Global

21 Allies, LLC ("Global Allies"), in the United States District Court for the Northern District

22 of Illinois entitled *Global Total Office, Ltd. et al. v. Global Allies, LLC*, No. 1:10-cv-

23 01896 (hereinafter, the "underlying GTO action");

24       WHEREAS, on December 6, 2011, Plaintiffs Continental Casualty Company and

25 Valley Forge Insurance Company (collectively, "Plaintiffs") filed a complaint for

26 declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 in this Court seeking a

27 declaration that they have no duty to defend or indemnify Global Allies under Plaintiffs'

28 insurance policies with regard to the underlying GTO action;

1    WHEREAS, the underlying GTO action is currently being litigated in the Northern
2 District of Illinois with a trial setting conference scheduled with the court for May 14
3 2012;

4    WHEREAS, following the denial of GTO's motion for summary judgment on
5 February 14, 2012, and the denial of GTO's motion to compel further expert deposition
6 testimony on March 26, 2012, the parties to the GTO action have tentatively scheduled a
7 mediation to take place in May 2012 to explore potential settlement of the GTO action;

8    WHEREAS, Global Allies believes that a stay of this coverage action is
9 appropriate pending resolution of the underlying GTO action based upon, among other
10 things, what Global Allies contends to be an overlap in factual issues in the underlying
11 GTO action and this coverage action;

12    WHEREAS, Plaintiffs contend that the underlying GTO action does not require a
13 stay of this coverage action;

14    WHEREAS, on February 6, 2012, Plaintiffs and Global Allies entered into a
15 stipulated eight week stay of this coverage action, which was thereafter ordered by this
16 Court on February 16, and which terminates on April 12, 2012;

17    WHEREAS, in light of the status of the GTO action and the upcoming mediation,
18 Plaintiffs and Global Allies have agreed to request an additional stay of eight weeks for
19 the coverage action without prejudice to either party's position regarding (a) whether the
20 underlying GTO action requires a stay of this coverage action, and (b) whether the status
21 of the underlying GTO action now or in the future supports any further stay of this
22 coverage action;

23    Now, therefore, it is hereby stipulated by Plaintiffs Continental Casualty Company
24 and Valley Forge Insurance Company and Defendant Global Allies, LLC, by and through
25 their respective attorneys, as follows:

26    1.    All claims and proceedings in this coverage action should be stayed for a
27        period of eight weeks starting on the date this Stipulation and [Proposed]
28        Order To Stay Case is entered by the Court.

1    2.    Global Allies' response to Plaintiffs' complaint will be filed within 10 days

2    after the end of the eight week stay period.

3    3.    The parties agree that neither party will argue that this stipulated stay

4    provides a basis for seeking a further stay of this action, and further agree

5    that the stipulated stay does not have any other procedural or substantive

6    impact on issues in this action.

7    4.    This stipulation is made without prejudice to either party's rights, including

8    the right to move the Court for an additional stay of this action.  Either party

9    may move for an order lifting the stay.  By entering into this Stipulation,

10    neither Plaintiffs nor Global Allies express or imply an opinion as to the

11    appropriateness of any future, additional stay of the litigation.

12    5.    By entering into this Stipulation, neither Plaintiffs nor Global Allies waive

13    any defenses, rights, or privileges.

14    **IT IS SO STIPULATED.**

15    Dated:  April 11, 2012        COLLIAU ELENIUS MURPHY
    CARLUCCIO KEENER & MORROW

16

17    By:_____ /s/ Robert C. Christensen_____

18    Robert C. Christensen
    Marsha L. Morrow

19    Attorneys for Plaintiffs

20

21    Dated:  April 11, 2012        PERKINS COIE LLP

22    By:_____ /s/ John S. Rossiter, Jr._____

23    John S. Rossiter, Jr.

24    Attorney for Defendant
    Global Allies, LLC.

25

26

27

28

1

**<u>ORDER</u>**

2

Pursuant to the stipulation of the parties:

3

1.      This action and all proceedings and claims thereto are hereby stayed until

4

eight weeks following the date of this Order.

5

2.      All applicable time periods and deadlines from the date of the start of the

6

stay to the time when the stay is lifted are hereby vacated.

7

**IT IS SO ORDERED.**

8

DATE:  April 15, 2012

9

10

_____

MORRISON C. ENGLAND, JR.

11

UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

73730-0002/LEGAL23360293

24

25

26

27

28

- 3 -