1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          EASTERN DISTRICT OF CALIFORNIA
10

11  CONTINENTAL CASUALTY
    COMPANY and VALLEY FORGE         No. 2:11-cv-03237-MCE-KJN
12  INSURANCE COMPANY,
13              Plaintiffs,
14      v.
                                      **MEMORANDUM AND ORDER**
15  GLOBAL ALLIES, LLC
16              Defendant.
17

18                      ----oo0oo----

19      Plaintiffs, Continental Casualty Company ("Continental") and Valley Forge

20  Insurance Company ("Valley Forge"), filed this insurance coverage action against

21  Defendant Global Allies, LLC, asking this Court to declare that Plaintiffs have neither the

22  duty to defend nor the duty to indemnify Defendant in connection with an underlying

23  lawsuit in Global Total Office Limited Partnership v. Global Allies, LLC (Case No. 1:10-

24  cv-01896) ("GTO Action"), filed against Defendant in the U.S. District Court for the

25  Northern District of Illinois.

26  ///

27  ///

28
                              1

1   Defendant answered Plaintiffs' complaint and filed a counterclaim against Continental

2   asking this Court to declare that Continental has a duty to defend and indemnify

3   Defendant with respect to the underlying GTO Action, and also asserting causes of

4   action for breach of contract and breach of the implied covenant of good faith and fair

5   dealing.  (ECF No. 21.)  Presently before the Court are Defendant's Motion to Stay (ECF

6   No. 24) and Continental's Motion to Dismiss and for Partial Summary Judgment (ECF

7   No. 22).  For the reasons stated below, Defendant's Motion to Stay is GRANTED.  In

8   light of this ruling, the Court does not reach the merits of Continental's Motion to

9   Dismiss/Motion for Partial Summary Judgment at this time and dismisses Continental's

10  Motion without prejudice.

11

12                                          **BACKGROUND**

13

14         The facts relevant to Defendant's Motion to Stay are as follows.  Defendant is a

15  California company that markets and sells seating and related furniture to various

16  hospitality-related businesses under the name and mark "Global Allies."  (ECF No. 21, at

17  10.)  Defendant has been using the "Global Allies" mark for marketing its products in

18  various media since 2001.  (Id. at 12-13.)

19         Global Total Office Limited Partnership and Global Industries, Inc. (collectively,

20  "GTO") are the owners of U.S. Trademark Registration for the trademark "Global" and

21  have continuously used that trademark in connection with their products and business

22  since 1966.  (ECF No. 1, at 6-7.)  On March 25, 2010, GTO sued Defendant in the

23  district court for the Northern District of Illinois alleging that Defendant violated federal

24  and state trademark infringement laws and Illinois laws pertaining to deceptive trade

25  practices and unfair competition by using the "Global Allies" mark.  (Id. at 6.)

26         For the years 2002-2006, Unigard Insurance Co. ("Unigard") provided primary

27  comprehensive general liability insurance to Defendant, including coverage for

28  advertising liability claims.  (ECF No. 24-1, at 3.)

1     For the years 2006-2008, Plaintiff Valley Forge provided primary general liability

2     coverage to Defendant, and Plaintiff Continental provided umbrella coverage.  (ECF

3     No. 1, at 2.)  Both Valley Forge's insurance policy and Continental's insurance policy

4     contain a "prior publication" exclusion according to which the insurance does not apply to

5     "personal and advertising injury" "[a]rising out of oral or written publication of material

6     whose first publication took place before the beginning of the policy period."  (Id. at 3-4.)

7         On April 9, 2010, Defendant tendered the GTO claims to all three insurance

8     companies, Unigard, Valley Forge and Continental, requesting defense and indemnity

9     coverage.  (Id. at 3.)  Valley Forge declined to defend on the grounds that its primary

10     policy specifically excluded coverage for trademark infringement.  (Id.)  However,

11     Continental, the umbrella insurer for the same year, agreed to defend Defendant, subject

12     to a reservation of rights.  (Id.)  Two months later, Unigard, which is not a party to this

13     action, also accepted Defendant's defense pursuant to a reservation of rights.  (Id.)  Four

14     months later, Continental withdrew from the defense of the GTO Action, alleging that it

15     had no duty to defend until the Unigard policies were exhausted and also alleging that

16     coverage was barred by the "prior publication" exclusion in its policies.  (Id.)  Defendant's

17     primary insurer, Unigard, is continuing its representation of Defendant in the GTO Action.

18     (Id.)

19         On February 14, 2012, Judge Sharon Coleman from the Northern District of

20     Illinois denied GTO's motion for summary judgment in the GTO Action, holding that

21     factual disputes precluded summary adjudication.  (ECF No. 24-3, Ex. C.)  Trial in the

22     GTO Action is currently set for February 4, 2013.  (ECF No. 24-1, at 2.)

23     ///

24     ///

25     ///

26     ///

27     ///

28     ///

1

2

**STANDARD**

3        A federal district court has broad discretion in deciding whether to issue a stay.

4   Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989).  Indeed, "[a]

5   trial court may, with propriety, find it is efficient for its own docket and the fairest course

6   for the parties to enter a stay of an action before it, pending resolution of independent

7   proceedings which bear upon the case."  Leyva v. Certified Grocers of Cal., Ltd.,

8   593 F.2d 857, 863 (9th Cir. 1979).  This rule "does not require that the issues in such

9   proceedings are necessarily controlling of the action before the court."  Id. at 863-64.

10  Nonetheless, "[w]here it is proposed that a pending proceeding be stayed, the competing

11  interests which will be affected by the granting or refusal to grant a stay must be

12  weighed."  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  "Among these

13  competing interests are the possible damage which may result from the granting of a

14  stay, the hardship or inequity which a party may suffer in being required to go forward,

15  and the orderly course of justice measured in terms of the simplifying or complicating of

16  issues, proof, and questions of law which could be expected to result from a stay."  Id.

17        Additionally, courts "possess discretion in determining whether and when to

18  entertain an action under the Declaratory Judgment Act."  Wilton v. Seven Falls Co.,

19  515 U.S. 277, 282 (1995).  "In the declaratory judgment context, the normal principle that

20  federal courts should adjudicate claims within their jurisdiction yields to considerations of

21  practicality and wise judicial administration."  Id. at 288.

22

23                          **ANALYSIS**

24

25        Defendant argues that a stay of this coverage action is mandated by the

26  California Supreme Court's decision in Montrose Chem. Corp. v Superior Court,

27  6 Cal.4th 287 (1993.)

28  ///

4

1   As the court recognized in <u>Montrose</u>, in the insurance coverage context, "a stay of the

2   declaratory relief action pending resolution of the third party suit is appropriate when the

3   coverage question turns on facts to be litigated in the underlying action." <u>Id.</u> at 301.  In

4   determining whether a stay should be granted under this analysis, courts have

5   considered the following factors: (1) "whether there are overlapping factual issues;"

6   (2) "whether the insured will be required to fight a two-front war"; and (3) "whether the

7   insurer in its adverse relationship to the insured in the coverage action effectively attacks

8   its own insured, thereby giving aid to the underlying claimant to the prejudice of the

9   insured." <u>Sierra Pacific Industries v. Am. States Ins. Co.</u>, 2012 WL 2401297, at *3 (E.D.

10  Cal. June 22, 2012).  A stay is always required if the coverage action and the underlying

11  action involve overlapping factual issues "that could work to the insured's detriment in

12  the underlying case if adjudicated beforehand in the coverage proceeding." <u>Id.</u>

13          Defendant argues that the Court must stay this coverage action because litigating

14  the case before resolution of the GTO Action would force Defendant to take positions

15  and litigate facts that could unfairly prejudice Defendant in the underlying GTO Action.

16  (ECF No. 24, at 7.)  According to Defendant, the application of the "prior publication"

17  exclusion, which is at issue in this declaratory relief action, necessarily requires

18  determination of facts that are also subject to determination in the underlying GTO

19  Action.  (<u>Id.</u> at 8.)  More specifically, Defendant contends that the trial in the GTO Action

20  "will necessarily focus on the content of [Defendant's] advertisements, whether it created

21  confusion, whether the differences in content through new advertisements published in

22  different media like the Internet misled consumers, and if so, the damages associated

23  with the ads in each year." (<u>Id.</u>)  According to Defendant, Plaintiffs seek to adjudicate

24  the same facts in this coverage action with respect to the applicability of the "prior

25  publication" exclusion.  (<u>Id.</u>)

26  ///

27  ///

28  ///

1    The "prior publication" exclusion in Valley Forge's and Continental's insurance

2 policies provides that the insurance does not apply to "personal and advertising injury"

3 "arising out of oral or written publication of material whose first publication took place

4 before the beginning of the policy period."  (ECF No.1, at 3.)  Thus, the application of the

5 "prior publication" exclusion turns on when Defendant first published the allegedly

6 offending "Global Allies" mark, and not on the" likelihood of consumer confusion" which

7 is at issue in the underlying trademark infringement action.  See Global Total Office

8 Ltd. v. Global Allies, LLC, No. 1:10-cv-01896, 2012 WL 488095, at *2 (N.D. Ill. Feb. 14,

9 2012).  The parties in the underlying GTO Action do not appear to dispute when

10 Defendant started using its "Global Allies" mark.  In fact, Defendant explicitly alleged in

11 its Counterclaim, filed in the GTO Action, that it has been using the mark since May

12 2001.  (See ECF No. 24-3, Ex. B, at 20.)  Thus, it does not appear that the underlying

13 GTO Action involves any factual dispute with respect to when Defendant first published

14 its "Global Allies" mark.  Accordingly, the current declaratory judgment proceeding is

15 unlikely to produce any factual determinations that would prejudice Defendant in the

16 GTO Action.

17    Because there appear to be no overlapping factual issues in the current coverage

18 action and the GTO Action, the Court is not required to grant Defendant's Motion to Stay.

19 However, the Court still may, in its discretion, stay this declaratory relief action to avoid

20 prejudice to Defendant from having to fight a "two-front war," see Sierra Pacific

21 Industries, 2012 WL 2401297, at *3, or if interests of "practicality and wise judicial

22 administration" warrant such a stay.  See Wilton, 515 U.S. at 288.

23    In assessing whether a stay is indicated on the basis of prejudice to Defendant,

24 "the Court must look both to any potential prejudice on the insured's part as well as the

25 prejudice to the insurer in not proceeding forward with a coverage determination."  Sierra

26 Pacific Industries, 2012 WL 2401297, at *4.  An insured can be prejudiced by having to

27 expend resources fighting with its own insurer while at the same time attempting to

28 defend itself against liability that its insurance was presumably supposed to cover.

1   Allied Prop. & Cas. Ins. Co. v. Roberts, 2011 WL 2495691, at *3 (E.D. Cal. June 21,

2   2011).  On the other side, an insurer may be prejudiced by having "to pay defense costs

3   in a case where there may be no duty to defend if the stay is granted."  Carolina Cas.

4   Ins. Co. v. Helsley, 2011 WL 121576, at *1 (E.D. Cal. Jan. 13, 2011).

5            Defendant argues that the Court should exercise its discretion and stay this

6   coverage action because of the unfair prejudice that will result to Defendant if it is forced

7   to "fight a two-front war and because the risk of harm to [Defendant] greatly outweighs

8   any potential harm to [Plaintiffs]."  (ECF No. 24-1, at 9.)  Plaintiffs counter that

9   proceeding with this declaratory relief action will not prejudice Defendant because

10  Defendant "is being defended in the GTO Action through separate counsel, paid for by

11  Unigard."  (ECF No. 28, at 4.)

12           Although Defendant's litigation expenses in the GTO Action are covered by its

13  primary insurer Unigard, this fact alone does not eliminate the prejudice to Defendant

14  from having to conduct a "two-front war."  Although Defendant's monetary expenses

15  related to defending the GTO Action are currently covered by Unigard, Defendant is still

16  required to expend its limited resources and time in assisting its counsel's settlement

17  efforts and trial preparation with respect to the underlying GTO Action.

18           On the other side, the Court fails to see any prejudice that Plaintiffs will

19  experience if the Court stays this action until the GTO Action is resolved.  As mentioned

20  earlier, the courts' primary concern in refusing to stay an insurance coverage action is

21  that such a stay would force an insurer to pay the insured's litigation expenses when an

22  insurer does not have a duty to pay.  See Carolina Cas. Ins. Co., 2011 WL 121576, at

23  *1; Great Am. Ins. Co. v. Superior Court, 178 Cal. App. 4th 221, 237-38 (2009).  This

24  concern is not present in this case because neither Continental nor Valley Forge is

25  paying for Defendant's litigation expenses in the underlying GTO Action.  The only

26  prejudice that Plaintiffs face if the Court stays this action is a delay of several months in

27  the judicial determination of insurance coverage issues.

28  ///

1  Therefore, the balancing of equities favors staying this case until the underlying GTO

2  Action is resolved.

3       The interests of "practicality and wise judicial administration" further warrant

4  staying this declaratory relief action because the need for such a declaratory relief

5  depends, in part, on the outcome of the GTO Action.  See Wilton, 515 U.S. at 288.  In

6  their Complaint, Plaintiffs ask this Court to determine, inter alia, that they do not have a

7  duty to indemnify Defendant in the underlying GTO Action.  (ECF No. 1, at 9, 11, 12.)

8  However, if Defendant prevails in the GTO Action, neither Continental nor Valley Forge

9  will have to indemnify Defendant, thus obviating the need for this Court's determination

10  of the insurers' duty to indemnify under the terms of their respective policies.

11       Further, Defendant Continental, in its Motion to Dismiss/Motion for Partial

12  Summary Judgment, asks this Court to declare that, as a matter of law, it does not have

13  a duty to defend Defendant in the GTO Action because a primary insurer, Unigard, is

14  providing defense.  (ECF No. 22-1, at 7-10.)  However, the insurance contracts between

15  Defendant and Continental explicitly state that Continental has a duty to defend the

16  insured (1) against lawsuits if and when Defendant's primary policies have exhausted

17  their limits of insurance, and (2) against lawsuits that allege damages because of

18  "advertising injury" not covered under Defendant's primary insurance.  (ECF No. 1 Ex. C,

19  at 11; Ex. D, at 14-15.)  Thus, according to the policies' terms, Continental's duty to

20  defend Defendant in the GTO Action may be triggered when and if Defendant's primary

21  insurer refuses to provide further defense because of the exhaustion of coverage limits

22  or because the primary insurer determines that the injury alleged in the lawsuit is not

23  covered by the primary insurance.  Because the GTO Action is still pending, determining

24  whether Continental might have a duty to defend Defendant in that action appears to be

25  premature at this point in time.

26       Finally, Plaintiffs contend that the Court should refuse to stay this action because

27  Defendant "chose to file a Counter-Claim seeking its own determination on the coverage

28  afforded under the umbrella policy issued by Continental."  (ECF No. 28, at 7-8.)

8

1    Plaintiffs argue that Defendant, who "now owns a piece" of this case, "should not be

2    heard to complain that it is required to litigate the coverage action."  (Id. at 8.)  In support

3    of their argument, Plaintiffs rely on this Court's decision in Sierra Pacific Industries,

4    where the Court denied the plaintiff's motion to stay because, inter alia, Plaintiff itself

5    instituted the action and thus could not "complain[] about having to perform the . . . work

6    associated with its own case."  Sierra Pacific Industries, 2012 WL 2401297, at *3.  This

7    Court's reasoning in Sierra Pacific Industries does not apply to the situation at issue

8    because, unlike the insured in Sierra Pacific Industries, Defendant Global Allies did not

9    initiate this declaratory relief litigation, but was required to answer Plaintiffs' complaint

10   and to file its compulsory counterclaims.

11          Based on the foregoing, the Court concludes that staying this action until the

12   underlying GTO Action is resolved would be efficient for the Court's own docket and the

13   fairest course for the parties.  See  Leyva, 593 F.2d 857, 863 (9th Cir. 1979).

14   Accordingly, the Court grants Defendant's Motion to Stay.  In light of this ruling, the Court

15   does not reach the merits of Continental's Motion to Dismiss and for Partial Summary

16   Judgment and denies Continental's Motion without prejudice.

17

18                                    **CONCLUSION**

19

20          For the reasons set forth above, Plaintiff's Motion to Stay (ECF No. 24) is

21   GRANTED.  Further proceedings in this Court are STAYED pending the resolution of

22   Global Total Office Limited Partnership v. Global Allies, LLC (Case No. 1:10-cv-01896)

23   by the U.S. District Court for the Northern District of Illinois.  Not later than ten (10) days

24   after the proceedings are concluded in the GTO Action, Defendant is directed to inform

25   this Court of the status of this case and move to lift the stay.

26   ///

27   ///

28   ///

1   In light of this ruling, the Court DENIES Continental's Motion to Dismiss and for Partial

2   Summary Judgment (ECF No. 22) without prejudice and directs Continental to refile its

3   motion when the stay is lifted, if Continental chooses to do so.

4          IT IS SO ORDERED.

5

6   Dated:  October 23, 2012

7          _____

8          MORRISON C. ENGLAND, JR.
           UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28