UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY and VALLEY FORGE INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>GLOBAL ALLIES, LLC<br><br>    Defendant. | No. 2:11-cv-03237-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

----oo0oo----

Plaintiffs, Continental Casualty Company ("Continental") and Valley Forge Insurance Company ("Valley Forge"), filed this insurance coverage action against Defendant Global Allies, LLC, asking this Court to declare that Plaintiffs have neither the duty to defend nor the duty to indemnify Defendant in connection with an underlying lawsuit in Global Total Office Limited Partnership v. Global Allies, LLC (Case No. 1:10-cv-01896) ("GTO Action"), filed against Defendant in the U.S. District Court for the Northern District of Illinois.

///

///

Defendant answered Plaintiffs' complaint and filed a counterclaim against Continental asking this Court to declare that Continental has a duty to defend and indemnify Defendant with respect to the underlying GTO Action, and also asserting causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing.  (ECF No. 21.)  Presently before the Court are Defendant's Motion to Stay (ECF No. 24) and Continental's Motion to Dismiss and for Partial Summary Judgment (ECF No. 22).  For the reasons stated below, Defendant's Motion to Stay is GRANTED.  In light of this ruling, the Court does not reach the merits of Continental's Motion to Dismiss/Motion for Partial Summary Judgment at this time and dismisses Continental's Motion without prejudice.

**BACKGROUND**

The facts relevant to Defendant's Motion to Stay are as follows.  Defendant is a California company that markets and sells seating and related furniture to various hospitality-related businesses under the name and mark "Global Allies."  (ECF No. 21, at 10.)  Defendant has been using the "Global Allies" mark for marketing its products in various media since 2001.  (Id. at 12-13.)

Global Total Office Limited Partnership and Global Industries, Inc. (collectively, "GTO") are the owners of U.S. Trademark Registration for the trademark "Global" and have continuously used that trademark in connection with their products and business since 1966.  (ECF No. 1, at 6-7.)  On March 25, 2010, GTO sued Defendant in the district court for the Northern District of Illinois alleging that Defendant violated federal and state trademark infringement laws and Illinois laws pertaining to deceptive trade practices and unfair competition by using the "Global Allies" mark.  (Id. at 6.)

For the years 2002-2006, Unigard Insurance Co. ("Unigard") provided primary comprehensive general liability insurance to Defendant, including coverage for advertising liability claims.  (ECF No. 24-1, at 3.)

For the years 2006-2008, Plaintiff Valley Forge provided primary general liability coverage to Defendant, and Plaintiff Continental provided umbrella coverage. (ECF No. 1, at 2.) Both Valley Forge's insurance policy and Continental's insurance policy contain a "prior publication" exclusion according to which the insurance does not apply to "personal and advertising injury" "[a]rising out of oral or written publication of material whose first publication took place before the beginning of the policy period." (Id. at 3-4.)

On April 9, 2010, Defendant tendered the GTO claims to all three insurance companies, Unigard, Valley Forge and Continental, requesting defense and indemnity coverage. (Id. at 3.) Valley Forge declined to defend on the grounds that its primary policy specifically excluded coverage for trademark infringement. (Id.) However, Continental, the umbrella insurer for the same year, agreed to defend Defendant, subject to a reservation of rights. (Id.) Two months later, Unigard, which is not a party to this action, also accepted Defendant's defense pursuant to a reservation of rights. (Id.) Four months later, Continental withdrew from the defense of the GTO Action, alleging that it had no duty to defend until the Unigard policies were exhausted and also alleging that coverage was barred by the "prior publication" exclusion in its policies. (Id.) Defendant's primary insurer, Unigard, is continuing its representation of Defendant in the GTO Action. (Id.)

On February 14, 2012, Judge Sharon Coleman from the Northern District of Illinois denied GTO's motion for summary judgment in the GTO Action, holding that factual disputes precluded summary adjudication. (ECF No. 24-3, Ex. C.) Trial in the GTO Action is currently set for February 4, 2013. (ECF No. 24-1, at 2.)

///
///
///
///
///
///

3

**STANDARD**

A federal district court has broad discretion in deciding whether to issue a stay. Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). This rule "does not require that the issues in such proceedings are necessarily controlling of the action before the court." Id. at 863-64. Nonetheless, "[w]here it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id.

Additionally, courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 288.

**ANALYSIS**

Defendant argues that a stay of this coverage action is mandated by the California Supreme Court's decision in Montrose Chem. Corp. v Superior Court, 6 Cal.4th 287 (1993.)

///

As the court recognized in Montrose, in the insurance coverage context, "a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action." Id. at 301.  In determining whether a stay should be granted under this analysis, courts have considered the following factors: (1) "whether there are overlapping factual issues;" (2) "whether the insured will be required to fight a two-front war"; and (3) "whether the insurer in its adverse relationship to the insured in the coverage action effectively attacks its own insured, thereby giving aid to the underlying claimant to the prejudice of the insured."  Sierra Pacific Industries v. Am. States Ins. Co., 2012 WL 2401297, at *3 (E.D. Cal. June 22, 2012).  A stay is always required if the coverage action and the underlying action involve overlapping factual issues "that could work to the insured's detriment in the underlying case if adjudicated beforehand in the coverage proceeding."  Id.

Defendant argues that the Court must stay this coverage action because litigating the case before resolution of the GTO Action would force Defendant to take positions and litigate facts that could unfairly prejudice Defendant in the underlying GTO Action. (ECF No. 24, at 7.)  According to Defendant, the application of the "prior publication" exclusion, which is at issue in this declaratory relief action, necessarily requires determination of facts that are also subject to determination in the underlying GTO Action.  (Id. at 8.)  More specifically, Defendant contends that the trial in the GTO Action "will necessarily focus on the content of [Defendant's] advertisements, whether it created confusion, whether the differences in content through new advertisements published in different media like the Internet misled consumers, and if so, the damages associated with the ads in each year."  (Id.)  According to Defendant, Plaintiffs seek to adjudicate the same facts in this coverage action with respect to the applicability of the "prior publication" exclusion.  (Id.)

///

///

///

The "prior publication" exclusion in Valley Forge's and Continental's insurance policies provides that the insurance does not apply to "personal and advertising injury" "arising out of oral or written publication of material whose first publication took place before the beginning of the policy period." (ECF No.1, at 3.) Thus, the application of the "prior publication" exclusion turns on when Defendant first published the allegedly offending "Global Allies" mark, and not on the" likelihood of consumer confusion" which is at issue in the underlying trademark infringement action. See Global Total Office Ltd. v. Global Allies, LLC, No. 1:10-cv-01896, 2012 WL 488095, at *2 (N.D. Ill. Feb. 14, 2012). The parties in the underlying GTO Action do not appear to dispute when Defendant started using its "Global Allies" mark. In fact, Defendant explicitly alleged in its Counterclaim, filed in the GTO Action, that it has been using the mark since May 2001. (See ECF No. 24-3, Ex. B, at 20.) Thus, it does not appear that the underlying GTO Action involves any factual dispute with respect to when Defendant first published its "Global Allies" mark. Accordingly, the current declaratory judgment proceeding is unlikely to produce any factual determinations that would prejudice Defendant in the GTO Action.

Because there appear to be no overlapping factual issues in the current coverage action and the GTO Action, the Court is not required to grant Defendant's Motion to Stay. However, the Court still may, in its discretion, stay this declaratory relief action to avoid prejudice to Defendant from having to fight a "two-front war," see Sierra Pacific Industries, 2012 WL 2401297, at *3, or if interests of "practicality and wise judicial administration" warrant such a stay. See Wilton, 515 U.S. at 288.

In assessing whether a stay is indicated on the basis of prejudice to Defendant, "the Court must look both to any potential prejudice on the insured's part as well as the prejudice to the insurer in not proceeding forward with a coverage determination." Sierra Pacific Industries, 2012 WL 2401297, at *4. An insured can be prejudiced by having to expend resources fighting with its own insurer while at the same time attempting to defend itself against liability that its insurance was presumably supposed to cover.

1  Allied Prop. & Cas. Ins. Co. v. Roberts, 2011 WL 2495691, at *3 (E.D. Cal. June 21,
2  2011).  On the other side, an insurer may be prejudiced by having "to pay defense costs
3  in a case where there may be no duty to defend if the stay is granted."  Carolina Cas.
4  Ins. Co. v. Helsley, 2011 WL 121576, at *1 (E.D. Cal. Jan. 13, 2011).
5        Defendant argues that the Court should exercise its discretion and stay this
6  coverage action because of the unfair prejudice that will result to Defendant if it is forced
7  to "fight a two-front war and because the risk of harm to [Defendant] greatly outweighs
8  any potential harm to [Plaintiffs]."  (ECF No. 24-1, at 9.)  Plaintiffs counter that
9  proceeding with this declaratory relief action will not prejudice Defendant because
10  Defendant "is being defended in the GTO Action through separate counsel, paid for by
11  Unigard."  (ECF No. 28, at 4.)
12        Although Defendant's litigation expenses in the GTO Action are covered by its
13  primary insurer Unigard, this fact alone does not eliminate the prejudice to Defendant
14  from having to conduct a "two-front war."  Although Defendant's monetary expenses
15  related to defending the GTO Action are currently covered by Unigard, Defendant is still
16  required to expend its limited resources and time in assisting its counsel's settlement
17  efforts and trial preparation with respect to the underlying GTO Action.
18        On the other side, the Court fails to see any prejudice that Plaintiffs will
19  experience if the Court stays this action until the GTO Action is resolved.  As mentioned
20  earlier, the courts' primary concern in refusing to stay an insurance coverage action is
21  that such a stay would force an insurer to pay the insured's litigation expenses when an
22  insurer does not have a duty to pay.  See Carolina Cas. Ins. Co., 2011 WL 121576, at
23  *1; Great Am. Ins. Co. v. Superior Court, 178 Cal. App. 4th 221, 237-38 (2009).  This
24  concern is not present in this case because neither Continental nor Valley Forge is
25  paying for Defendant's litigation expenses in the underlying GTO Action.  The only
26  prejudice that Plaintiffs face if the Court stays this action is a delay of several months in
27  the judicial determination of insurance coverage issues.
28  ///

Therefore, the balancing of equities favors staying this case until the underlying GTO Action is resolved.

The interests of "practicality and wise judicial administration" further warrant staying this declaratory relief action because the need for such a declaratory relief depends, in part, on the outcome of the GTO Action. See Wilton, 515 U.S. at 288. In their Complaint, Plaintiffs ask this Court to determine, inter alia, that they do not have a duty to indemnify Defendant in the underlying GTO Action. (ECF No. 1, at 9, 11, 12.) However, if Defendant prevails in the GTO Action, neither Continental nor Valley Forge will have to indemnify Defendant, thus obviating the need for this Court's determination of the insurers' duty to indemnify under the terms of their respective policies.

Further, Defendant Continental, in its Motion to Dismiss/Motion for Partial Summary Judgment, asks this Court to declare that, as a matter of law, it does not have a duty to defend Defendant in the GTO Action because a primary insurer, Unigard, is providing defense. (ECF No. 22-1, at 7-10.) However, the insurance contracts between Defendant and Continental explicitly state that Continental has a duty to defend the insured (1) against lawsuits if and when Defendant's primary policies have exhausted their limits of insurance, and (2) against lawsuits that allege damages because of "advertising injury" not covered under Defendant's primary insurance. (ECF No. 1 Ex. C, at 11; Ex. D, at 14-15.) Thus, according to the policies' terms, Continental's duty to defend Defendant in the GTO Action may be triggered when and if Defendant's primary insurer refuses to provide further defense because of the exhaustion of coverage limits or because the primary insurer determines that the injury alleged in the lawsuit is not covered by the primary insurance. Because the GTO Action is still pending, determining whether Continental might have a duty to defend Defendant in that action appears to be premature at this point in time.

Finally, Plaintiffs contend that the Court should refuse to stay this action because Defendant "chose to file a Counter-Claim seeking its own determination on the coverage afforded under the umbrella policy issued by Continental." (ECF No. 28, at 7-8.)

1 Plaintiffs argue that Defendant, who "now owns a piece" of this case, "should not be
2 heard to complain that it is required to litigate the coverage action." (Id. at 8.) In support
3 of their argument, Plaintiffs rely on this Court's decision in Sierra Pacific Industries,
4 where the Court denied the plaintiff's motion to stay because, inter alia, Plaintiff itself
5 instituted the action and thus could not "complain[] about having to perform the . . . work
6 associated with its own case." Sierra Pacific Industries, 2012 WL 2401297, at *3. This
7 Court's reasoning in Sierra Pacific Industries does not apply to the situation at issue
8 because, unlike the insured in Sierra Pacific Industries, Defendant Global Allies did not
9 initiate this declaratory relief litigation, but was required to answer Plaintiffs' complaint
10 and to file its compulsory counterclaims.
11 Based on the foregoing, the Court concludes that staying this action until the
12 underlying GTO Action is resolved would be efficient for the Court's own docket and the
13 fairest course for the parties. See Leyva, 593 F.2d 857, 863 (9th Cir. 1979).
14 Accordingly, the Court grants Defendant's Motion to Stay. In light of this ruling, the Court
15 does not reach the merits of Continental's Motion to Dismiss and for Partial Summary
16 Judgment and denies Continental's Motion without prejudice.
17
18 **CONCLUSION**
19
20 For the reasons set forth above, Plaintiff's Motion to Stay (ECF No. 24) is
21 GRANTED. Further proceedings in this Court are STAYED pending the resolution of
22 Global Total Office Limited Partnership v. Global Allies, LLC (Case No. 1:10-cv-01896)
23 by the U.S. District Court for the Northern District of Illinois. Not later than ten (10) days
24 after the proceedings are concluded in the GTO Action, Defendant is directed to inform
25 this Court of the status of this case and move to lift the stay.
26 ///
27 ///
28 ///

In light of this ruling, the Court DENIES Continental's Motion to Dismiss and for Partial Summary Judgment (ECF No. 22) without prejudice and directs Continental to refile its motion when the stay is lifted, if Continental chooses to do so.

IT IS SO ORDERED.

Dated:  October 23, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE